```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION
```

**UNITED STATES OF AMERICA**          :
                                       :
**vs.**                                :
                                       :   **CRIMINAL NO. 15-00088-CG**
**JOHN PATRICK COUCH, M.D.,**          :
**XIULU RUAN, M.D.,**                  :
**THOMAS JUSTIN PALMER and**           :
**BRIDGETTE WILLIAMS PARKER.**         :
                                       :
        **Defendants.**                :

## ORDER

A status conference was held on November 20, 2015 before the undersigned Magistrate Judge. Participating in the conference were Art Powell, counsel for Defendant John Patrick Couch, M.D., Dennis Knizley and Jason Darley, counsel for Defendant Xiulu Ruan, M.D., Neil Hanley, counsel for Defendant Thomas Justin Palmer, Sid Harrell, counsel for Defendant Bridgette Williams Parker, and Assistant U.S. Attorneys Deborah Griffin and Chris Bodnar, counsel for the Government.

At the conference, counsel for the parties reported that additional time is needed to prepare this case for trial, and renewed their request to have this case continued to the June 2016 trial term. According to counsel, this case involves complex issues and voluminous discovery, and a superseding indictment adding two new Defendants and charges was recently

returned by the Grand Jury.  Ms. Griffin noted that the Government is producing medical records and other discovery as quickly as their outside vendor can copy them, and that to date, at least 150 banker's boxes of material have been produced, and it is anticipated that an additional 50 boxes will be produced over the next couple of weeks.  Additionally, several of the computers that were seized from Defendants' offices are in the process of being imaged, and Defendants are being provided copies of the hard drives as the imaging is completed.  Further, counsel for the Government is still in the process of reviewing the medical records that were seized, and will identify to counsel for Defendants the specific group of medical records that the Government intends to rely upon in prosecuting this case.  Finally, counsel for the parties reported that at this juncture, they estimate that the trial of this case will take four (4) weeks; although there are a number of factors, such as stipulations, that could impact this estimate.  They also indicated that they have had preliminary discussions with possible experts, and all require adequate time in which to review the medical and other records at issue, as well as information regarding the likely trial date in order to determine whether they are available to assist with this case.[1]

---

[1] Mr. Powell also reported that he has a capital murder (Continued)

Based upon counsel's representations at the status conference, the undersigned finds that this is a complex criminal action that will require a special trial setting. Further, the undersigned finds that under the circumstances, a continuance is justified, and that the ends of justice served by continuing this action outweigh the best interests of the public and Defendants in a speedy trial. 18 U.S.C.A. § 3161(h)(7)(A). Specifically, the undersigned observes that the indictment alleges that Defendants Couch and Ruan, who are medical doctors, were assisted by Defendants Parker and Palmer, who are nurse practitioners, in a scheme to operate a "pill mill" in which controlled substances were unlawfully dispensed out of their medical clinics and pharmacy under the guise of medical necessity. It is further alleged that Defendants engaged in medical billing fraud and other criminal activity. This case involves voluminous documents, numerous fact witnesses, and several expert witnesses, and is expected, at this juncture, to take four (4) weeks to try. Counsel for the parties will need adequate time in which to review discovery, retain experts, prepare pretrial motions and prepare for the trial or other resolution of this action. Accordingly, the undersigned finds that a continuance is

---

trial that is set to commence in state court on May 16, 2016, and is expected to last ten (10) days.

3

reasonable under the circumstances. 18 U.S.C.A. § 3161(h)(7)(A). The parties' Motion for a Continuance (Doc. 190) is **GRANTED** provided each Defendant and their counsel executes and files a speedy trial waiver no later than **December 4, 2015.**[2] This case is hereby **CONTINUED** to the **July 2016** criminal term, with jury selection commencing on **July 11, 2016, and the trial commencing on July 18, 2016.**[3] For purposes of the Speedy Trial Act, any delay resulting from this continuance is excludable pursuant to 18 U.S.C. § 3161(h)(7)(A).

This action is hereby scheduled for a status conference before the undersigned Magistrate Judge on **April 29, 2016** at **10:00 a.m.** in Courtroom 1A.

The deadline for all pretrial motions and all notices or demands pursuant to Rules 12(b), 12.1, 12.2 and 12.3, Fed.R.Cr.P., and Local Rule 16.12 is EXTENDED to **March 7, 2016.** Motions, notices, or demands filed after **March 7, 2016** must contain an explanation as to why they could not have been filed

---

[2] The waiver shall include language which reflects that (A) counsel has discussed the reasons for seeking a continuance with Defendant; (B) Defendant understands that the time requested in the motion to continue trial of this matter will be excluded from any calculations of time under the Speedy Trial Act; and (C) with this understanding and knowledge, Defendant agrees to a continuance of this action to the July 2016 trial term.

[3] This case is being specially set on the docket of United States District Judge Callie V.S. Granade.

4

prior to said date, and will be considered only if good cause for the tardy filing has been shown. The deadline for motions to compel is EXTENDED to March 7, 2016 and will not be considered if not accompanied by the required conferencing certificate.

No later than **January 25, 2016,** the Government shall identify to Defendant the category of medical records that the Government intends to rely upon in the trial of this action. Any reciprocal discovery by Defendants shall be produced no later than **February 25, 2016.**

The Government shall tender its expert reports no later than **April 25, 2016.**

Defendants shall tender their expert reports no later than **May 26, 2016.**

**DONE** this **25th** day of **November, 2015.**

                                              /s/ SONJA F. BIVINS
                                      **UNITED STATES MAGISTRATE JUDGE**