IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CRIMINAL NO. 15-00088-CG-B |
| **XIULU RUAN, M.D.,** | ) ) |
| Defendant. | ) ) ) |

## ORDER

This matter is before the Court on the Motion for Entry of Order directing AltaPointe Health Systems, Inc. ("AltaPointe"), and its therapist Dr. John Hayes, non-parties in the above action, to comply with a trial subpoena issued by the United States upon AltaPointe and Dr. Hayes. (Doc. 258) Said Subpoena seeks to require Dr. Hayes to produce records and consult with and testify if necessary, pertaining to a former patient, who is now deceased, as specified in said subpoena, at the trial of the above matter on July 18, 2016, at the United States District Court for the Southern District of Alabama, or at such other date and time as the Court may order.

This Court is of the opinion that good cause, as detailed in 42 U.S.C. § 290dd-2(b)(2)(C), exists to authorize the testimony and production of said records and that such disclosure of this information will promote the interests of justice. Furthermore, the disclosure of the information contained in said records and the testimony thereon is necessitated because there exists no other means to obtain the

equivalent information or the other ways of obtaining the information will not be effective, the need for disclosure of the information outweighs the public interest against disclosure, and, in this case, outweighs potential harm to the effected service or program and outweighs any harm to the effected therapist/counselor/patient relationship.

It is therefore **ORDERED** that Dr. John Hayes and AltaPointe are to produce the records sought by said subpoena and that Dr. Hayes is to testify at the time and place set forth in said subpoena, or at such other date and time as the Court may order.  However, in order to protect the confidential nature of and to protect the unauthorized disclosure of the covered documents, the following terms and conditions shall apply to the production of any documents if said documents are entered into evidence and not simply used by Dr. Hayes in his testimony:

1. All documents actually produced by Dr. John Hayes and AltaPointe shall be designated "protected information" which shall be treated as confidential by the Parties, attorneys and/or any other employees, agents or representatives of the Parties or their attorneys (hereinafter referred to as "involved Parties").  Furthermore, said involved Parties shall not permit disclosure of any such documents, their contents or any portion thereof, to any persons other than those persons who may be designated by the Court;

2. Before filing any information that has been designated "protected information" with the Court or any pleadings, motions or other papers

      that disclose any such information, the filing party shall follow the procedure for filing documents under seal.

3.     All "protected information" and copies thereof shall be destroyed upon termination or trial of this matter, or after appeal of any final judgment.

**DONE** and **ORDERED** this 4th day of April, 2016.

                /s/  Callie V. S. Granade  
                SENIOR UNITED STATES DISTRICT JUDGE