IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) CRIMINAL NO. 15-00088-CG |
| | ) |
| JOHN PATRICK COUCH, M.D. and | ) |
| XIULU RUAN, M.D., | ) |
| | ) |
| Defendants. | ) |

**FINAL ORDER OF FORFEITURE AS TO ALL
ASSETS EXCEPT THE FORFEITED VEHICLES**

This matter is before the Court on the United States' motion for a Final Order of Forfeiture as to all assets except the forfeited vehicles. [Doc. 782].[1]

Whereas, on February 23, 2017, a jury convicted Defendants Couch and Ruan of 21 counts of the Second Superseding Indictment alleging RICO charges, conspiracy to commit healthcare fraud, drug charges, money laundering and mail and wire fraud, [Docs. 494 and 495], and

Whereas Defendants Couch and Ruan each signed a Stipulation and Agreement for Forfeiture, [Docs. 499 and 500], in which the Defendants agreed that the assets listed below were subject to forfeiture and that the United States had established the requisite connection between the assets and the offenses in the counts of conviction, and

Whereas, on March 2, 2017, the Court entered Preliminary Orders of Forfeiture, [Docs. 504 and 505], ordering the forfeiture, pursuant to 18 U.S.C. § 982(a)(1), 21 U.S.C.

---

[1]This Order applies to all assets except the Vehicles, which were the subject of an earlier Final Order of Forfeiture. [Doc. 770].

1

§853 and Rule 32.2(c)(2), of the following assets:

A. <u>Assets associated with Couch and Ruan:</u>

1. $398,953.07 from Wells Fargo account x6971, in the name of PPSA,
2. $36,369.45 from Wells Fargo account x1719, in the name of C&R, LLC,
3. $900,712.98 from Wells Fargo account x7003, in the name of C&R Pharmacy, LLC, ($510,000.72 was returned to claimant Smart-Fill leaving a balance of $390,712.26),
4. $25,595.71 from JP Morgan Chase check 2682, payable to C&R Pharmacy, and
5. $175,773.13 from Bank of America check 7563, payable to C&R Pharmacy.

B. <u>Assets associated with Couch:</u>

1. $47,984.54 from Wells Fargo account x0015, in Couch's name,
2. $5,351.94 from Wells Fargo account x6997, in the name of Physician's Compounding Solutions, LLC,
3. $633,161.15 from Wells Fargo account x9824, in Couch's name,
4. $5,260.90 from Wells Fargo account x6989, in the name of JPC Properties, LLC,
5. $499,430.64 from Trustmark account x0135, in Couch's name, and
6. $83,346.48 from E-Trade Investment account x4755 in Couch's name,
7. $60,878.00 from E-Trade Investment account x8497 in Couch's name.

C. <u>Real property associated with Couch:</u>

1. Net proceeds of $1,451,695.50 from the sale of 319 Woodbridge Drive Daphne, Alabama as a substitute *res*,
2. Net proceeds of $178,939.72 from the sale of Unit #7, 25040 Perdido Beach Blvd. Orange Beach, Alabama as a substitute *res*, and
3. Net proceeds of $323,912.45 from the sale of Unit C-804, 28105 Perdido Beach Blvd. Orange Beach, Alabama as a substitute *res*.

D. <u>Assets associated with Ruan:</u>

1. $167,703.32 from State Bank & Trust (hereinafter "SB&T) account x5553, in the name of XLR Exotic Autos, L.L.C.,
2. $18,791.63 from SB&T account x5264, in the name of Ruan Companies, LLC,
3. $3,274.61 from SB&T account x6197 in the name of Xiulu Ruan,
4. $10,661.87 from Wells Fargo account x1921 in the name of XLR Properties, LLC,
5. $49,777.85 from Wells Fargo account x1212, in the name of Physicians Weight Loss and Wellness, L.L.C.,
6. $40,939.83 from Community Bank account x9013, in the name of Xiulu Ruan,
7. $141,971.78 from Capital One Investment Account x6197-01 in Ruan's name,

8. $5,030.37 from College Counts 529 Fund, account x3712,
9. $6,346.43 from College Counts 529 Fund, account x3713.

### E.  Real property associated with Ruan:

1. 2800 Churchbell Ct. Mobile, Alabama. The United States moved to dismiss the Churchbell property from Ruan's POF, [Doc. 697], and the Court granted the motion, [Doc. 701], and
2. Net proceeds of $350,000 from the sale of Ruan's interest in JAX Leasing, LLC, the titled owner of 1323 Leroy Stevens Road, Mobile, Alabama, 36695. [Docs. 738 and 744]

and

Whereas, the United States published notice of this forfeiture action and the intent of the United States to dispose of all assets in accordance with law and further notified all potential claimants their right to petition the Court for a hearing to adjudicate the validity of their alleged interest in assets, beginning on March 7, 2017, and continuing for at least thirty (30) consecutive days [Doc. 548], and

Whereas, the United States sent direct written notice of the Preliminary Order of Forfeiture to all persons who reasonably appeared to be potential claimants with standing to contest the forfeiture of assets in an ancillary proceeding in accordance with Rule 32.2(b)(6)(A), and

#### FINANCIAL INSTITUTION CLAIMS

Whereas, Whitney Bank, dba Hancock Bank, the sole mortgagee of the three pieces of real property forfeited by Couch, filed a petition, [Doc. 523], the United States reached a settlement agreement regarding Hancock's interest in Couch's three pieces of forfeited real property, [Doc. 543], the three properties were sold by the United States Marshals Service, expenses related to custody, maintenance and sale have been

deducted, Whitney Bank dba Hancock Bank has been paid in full, and the remaining net sale proceeds of $1,451,695.50 from the sale of 319 Woodbridge Drive Daphne, Alabama, of $178,939.72 from the sale of Unit #7, 25040 Perdido Beach Blvd Orange Beach, Alabama, and $323,912.45 from the sale of Unit C-804, 28105 Perdido Beach Blvd Orange Beach, Alabama have been deposited into a United States Marshals Service interest-bearing account pending further order of this Court, as a *substitute res* for Couch's real property, and

Whereas, Capital One, N.A., the sole mortgagee of the real property known as 2800 Churchbell Ct. Mobile, Alabama (Churchbell) forfeited by Ruan, filed a petition, [Doc. 589], the United States moved to dismiss the Churchbell real property from Ruan's Preliminary Order of Forfeiture, [Doc. 697], and the Court granted that motion, [Doc. 701], and

### CORPORATE AND LLC CLAIMS

Whereas, Smart-Fill Management Group Inc. ("Smart-Fill") claimed a secured interest in the accounts and funds seized from C&R, LLC, and C&R Pharmacy, LLC, [Doc. 565], the parties reached a settlement agreement regarding Smart-Fill's UCC secured interest in the seized funds from C&R Pharmacy's bank accounts, [Doc. 596], and Smart-Fill was paid $510,000.72 from the forfeited C&R Pharmacy funds, and

### MISCELLANEOUS CLAIMS

Whereas, Lori Carver filed a Motion to Intervene in the criminal case or alternatively to be considered a third-party petitioner, [Doc. 525], the United States moved to dismiss her petition, [Doc. 549], Carver conceded that she was "not a proper

petitioner under 21 U.S.C. § 853(n)" [Doc. 585] and the Court dismissed Carver's third-party petition, [Doc. 688], and

Whereas, Ling Cui ("Cui") asserted a third-party claim to certain of Ruan's assets, [Doc. 577], thereafter she amended her petition, [Doc. 643], and on September 15, 2017, the Court denied Cui's Amended Petition in its entirety [Doc. 709], and

Whereas, Dorothy Ruan filed a third party petition, [Doc. 580], which she subsequently dismissed [Doc 668], and

Whereas, Jane Ruan filed a third party petition [Doc. 581], which she subsequently dismissed [Doc 669], and

**SUBSTITUTE ASSETS**

Whereas, Joe Byrum filed a third party petition, [Docs 534 & 554], on behalf of JAX Leasing LLC, the titled owner of the real property at 1325 Leroy Stephens Road, Mobile Alabama, the parties reached a settlement to forfeit $350,000 as a substitute *res* for Ruan's one-half interest in JAX Leasing, LLC, [Doc. 610], and

Whereas, the Preliminary Order of Forfeiture was amended to forfeit Ruan's one-half interest in JAX Leasing, LLC as a substitute asset in partial satisfaction of the $5,000,000 money judgment against Ruan was entered and the $350,000 paid by Byrum, as a substitute *res* for Ruan's half interest in JAX Leasing, [Doc. 738], and the Court denied Ruan's Motion to Reconsider the entry of the Amended Preliminary Order of Forfeiture, [Doc. 744], and

Whereas, the United States published notice of its intent to forfeit Ruan's one-half interest in JAX Leasing, LLC on www.forfeiture.gov for at least 30 consecutive days,

beginning on March 6, 2018, and ending on April 4, 2018, explaining that any person who had or claimed an interest in JAX Leasing, LLC, had to file a claim within 60 days of the first date of publication [Doc. 760], the deadline for such claims expired on May 5, 2018, and no claims were filed, and

Whereas, Ruan had actual knowledge of the Amended Preliminary Order of Forfeiture forfeiting his one-half interest in JAX Leasing, LLC, through his counsel, and there were no other individuals who reasonably appeared to be potential claimants with standing to contest the forfeiture of Ruan's one-half interest in JAX Leasing in the ancillary proceedings, no claims were filed, and the United States filed assigned Ruan's Membership Interest in JAX Leasing, LLC, to Joe Byrum, [Doc. 779], and

Whereas, the forfeiture of Couch's and Ruan's assets was orally announced at each defendant's sentencing and was included in their judgments, [Docs. 663 and 665], and

Whereas, the Court finds that the United States has established the requisite nexus between the assets and the defendants' offenses; and the United States has established that the assets and/or the proceeds of the sale of the assets, are subject to forfeiture pursuant to 18 U.S.C. § 982(a)(1) and 21 U.S.C. §853,

**NOW, THEREFORE**, the Court having considered the matter and having been fully advised in the premises, it is

**ORDERED, ADJUDGED, AND DECREED** that the Preliminary Orders of Forfeiture as to Couch and Ruan, [Doc. 504 and 505], are hereby amended to account for the interests of Whitney Bank dba Hancock Bank, Smart-Fill, and JAX Leasing LLC's interests.

**IT IS FURTHER ORDERED** that all right, title and interest in the following assets and/or the proceeds of the sales of the assets is hereby condemned, forfeited and vested in the United States of America pursuant to 18 U.S.C. § 982(a)(1) and 21 U.S.C. §853 and the United States has clear title to such assets and/or proceeds of the sale of such assets (hereinafter Subject Property):

A. <u>Assets associated with Couch and Ruan:</u>

1. $398,953.07 from Wells Fargo account x6971, in the name of PPSA,
2. $36,369.45 from Wells Fargo account x1719, in the name of C&R, LLC,
3. $390,712.26 from Wells Fargo account x7003, in the name of C&R Pharmacy, LLC,
4. $25,595.71 from JP Morgan Chase check x2682, payable to C&R Pharmacy and
5. $175,773.13 from Bank of America check x7563, payable to C&R Pharmacy.

B. <u>Assets associated with Couch:</u>

1. $47,984.54 from Wells Fargo account x0015, in Couch's name,
2. $5,351.94 from Wells Fargo account x6997, in the name of Physician's Compounding Solutions, L.L.C.,
3. $633,161.15 from Wells Fargo Account x9824, in Couch's name,
4. $5,260.90 from Wells Fargo account x6989, in the name of JPC Properties, LLC,
5. $499,430.64 from Trustmark account x0135, in Couch's name, and
6. $83,346.48 from E-Trade Investment account x4755 in Couch's name.
7. $60,878.00 from E-Trade Investment account x8497 in Couch's name.

C. <u>Real property associated with Couch:</u>

1. Net proceeds of $1,451,695.50 from the sale of 319 Woodbridge Drive Daphne, Alabama as a substitute *res*,
2. Net proceeds of $178,939.72 from the sale of Unit #7, 25040 Perdido Beach Blvd Orange Beach, Alabama as substitute *res*, and
3. Net proceeds of $323,912.45 from the sale of Unit C-804, 28105 Perdido Beach Blvd Orange Beach, Alabama as a substitute *res*.

D. <u>Assets associated with Ruan:</u>

1. $167,703.32 from "SB&T account x5553, in the name of XLR Exotic Autos, LLC,
2. $18,791.63 from SB&T account x5264, in the name of Ruan Companies, LLC,
3. $3,274.61 from SB&T account x6197 in the name of Xiulu Ruan,

4. $10,661.87 from Wells Fargo account x1921, in the name of XLR Properties, LLC,
5. $49,777.85 from Wells Fargo account x1212, in the name of Physicians Weight Loss and Wellness, LLC,
6. $40,939.83 from Community Bank account x9013, in the name of Xiulu Ruan,
7. $141,971.78 from Capital One Investment Account x6197-01 in Ruan's name,
8. $5,030.37 from College Counts 529 Fund, account x3712,
9. $6,346.43 from College Counts 529 Fund, account x3713.

### E. Real property associated with Ruan:

1. Net proceeds of $350,000 from the sale of Ruan's interest in JAX Leasing, LLC, as a substitute asset in partial satisfaction of Ruan's $5,000,000 money judgment.

**IT IS FURTHER ORDERED** that the United States Marshals Service is hereby authorized to dispose of the Subject Property in accordance with the law; and

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction in this case for the purpose of enforcing this Order.

**DONE and ORDERED** this 22nd day of August, 2018.

/s/ Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE