IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) |
| | ) CRIMINAL NO. 15-00088-CG |
| XIULU RUAN, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court on the motion of Petitioner, Ling Cui, for an order correcting a misstatement in the Order of June 27, 2019, pursuant to FED. R. CIV P. § 60 (Doc. 945), and the response thereto of the United States (Doc. 951).  Upon consideration, the Court finds that Petitioner's motion should be **GRANTED**.

In tits Order of June 27, 2019 (Doc. 838), the Court referred to the prior Order of November 19, 2018 (Doc. 804) as having voided and set aside "the divorce decree and resulting quit claim deeds." (Doc. 838, PageID.22320).  The 2019 Order also explained that the 2018 Order "found that the property division set forth in their divorce decree and the resulting quit claim deeds were void as fraudulent transfers." (Doc. 838, PageID.33219).  Petitioner seeks a correction to clarify that the 2018 Order did not declare the divorce itself void and only voided the property division set forth in the divorce decree. The 2018 Order concluded only that "the division of property set forth in the divorce decree and the resulting quit claim deeds are hereby **VOID** and are **SET ASIDE** pursuant to 28 U.S.C. § 3306(a)." (Doc. 804, PageID.32847 (emphasis in original)).  The 2018 Order did not void the divorce decree itself, but only the divorce decree's property division. The Court finds that the intention of the 2019 Order was only to refer to the voidance of the divorce decree's property division in the 2018 Order. To the extent that was not

clear, the Court finds it appropriate to amend the 2019 Order to clarify or correct that oversight.

The Court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." FED. R. CIV P. § 60(a). "A motion under Rule 60(a) only can be used to make the judgment [or order] ... speak the truth and cannot be used to make it say something other than what originally was pronounced." *Stansell v. Lopez*, 40 F.4th 1308 (11th Cir. 2022) (citations and internal quotations omitted).  Additionally, a Rule 60(a) motion may not be used to affect substantial rights of the parties.[1] *Id.* (citation omitted).   Here, neither Order voided the divorce, and the problem complained of only involves a reference in the 2019 Order to the 2018 Order. The 2019 Order used overly general language that incorrectly described the 2018 Order. The Court finds that correcting the language will not affect the substantial rights of the parties and will "speak the truth" as it was originally intended.

For the reasons stated above, the motion of Petitioner, Ling Cui, for an order correcting a misstatement in the Order of June 27, 2019, pursuant to FED. R. CIV P. § 60 (Doc. 945), is **GRANTED** and the Order of June 27, 2019 (Doc 838) is hereby **AMENDED** to refer to the Court's prior Order of November 19, 2018 (Doc. 804) as only having voided the division of property set forth in the divorce decree and the resulting quit claim deeds, not the divorce itself.

**DONE** and **ORDERED** this 3rd day of August, 2022.

/s/ Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Such errors may be corrected under Rule 60(b), but that requires that the motion be made withing a reasonable time and if the motion is for relief due to a mistake it must be filed not more than a year after the order. FED. R. CIV. P. § 60(c).