[PUBLISH]

# In the
# United States Court of Appeals
# For the Eleventh Circuit

_____

No. 17-12653

_____

UNITED STATES OF AMERICA,

                                      Plaintiff-Appellee,

*versus*

XIULU RUAN,
JOHN PATRICK COUCH,

                                      Defendants-Appellants.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:15-cr-00088-CG-B-2

_____

Case 1:15-cr-00088-CG-B   Document 957   Filed 01/05/23   Page 2 of 19   PageID #: 34222
USCA11 Case: 17-12653   Document: 177-1   Date Filed: 01/05/2023   Page: 2 of 18

2                     Opinion of the Court                  17-12653

ON REMAND FROM THE SUPREME COURT OF THE
UNITED STATES

Before WILSON, NEWSOM, Circuit Judges, and COOGLER,[*] Chief District Judge.

PER CURIAM:

This case returns to our court on remand from the Supreme Court. *Ruan v. United States*, 142 S. Ct. 2370 (2022) (*Ruan II*). We ordered supplemental briefing to address whether the mens rea jury instruction used in this case was error and whether any such error was harmless. After careful consideration, we conclude that the jury instruction used in this case is inconsistent with the Supreme Court's guidance and did not convey an adequate mens rea to the jury for the substantive drug convictions under 21 U.S.C. § 841. We further find that this error was not harmless beyond a reasonable doubt for Dr. Xiulu Ruan's and Dr. John Couch's (collectively, the defendants) substantive drug charges. However, we conclude that the instructional error was harmless as to the other convictions in this case. Accordingly, we **VACATE** in part and **AFFIRM** in part the defendants' convictions.[1]

---

[*] Honorable L. Scott Coogler, United States Chief District Judge for the Northern District of Alabama, sitting by designation.

[1] In the defendants' original appeal, they raised a number of other challenges, including sufficiency of the evidence, evidentiary, and sentencing challenges. On remand these issues were not re-briefed, and nothing in the Supreme Court's decision alters our consideration of those issues. Accordingly, we

Case 1:15-cr-00088-CG-B   Document 957   Filed 01/05/23   Page 3 of 19   PageID #: 34223
USCA11 Case: 17-12653   Document: 177-1   Date Filed: 01/05/2023   Page: 3 of 18

17-12653            Opinion of the Court                3

**I.**

The factual and procedural history at trial were thoroughly recounted in our prior panel opinion, *United States v. Ruan*, 966 F.3d 1101, 1119–36 (11th Cir. 2020) (*Ruan I*). Among other things, the defendants challenged the jury instructions used for their substantive drug convictions under 21 U.S.C. § 841(a), which prohibits the "knowing[] or intentional[]" dispensing of controlled substances "[e]xcept as authorized." The relevant drugs in this case are only "authorized" to be dispensed pursuant to a prescription, and an effective prescription must be made for a "legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice." 21 C.F.R. § 1306.04(a). The defendants requested that the jury be instructed that their good faith be a defense to an allegation that they acted outside the "usual course of professional practice."

In *Ruan I*, we affirmed on all but Count 16[2] and held that we were bound by prior Eleventh Circuit precedent to reject the defendants' request for a good-faith instruction. *See, e.g., United States v. Joseph*, 709 F.3d 1082 (11th Cir. 2013); *United States v.*

---

adopt the reasoning of the previous panel opinion, but not the discussion relating to the good-faith instruction in Part C.1. *See United States v. Ruan*, 966 F.3d 1101 (11th Cir. 2020).

[2] We remanded the remaining counts for resentencing and after the district court resentenced the defendants they appealed again. Those appeals are currently pending and stayed awaiting resolution of this case.

Case 1:15-cr-00088-CG-B  Document 957  Filed 01/05/23  Page 4 of 19  PageID #: 34224
USCA11 Case: 17-12653  Document: 177-1  Date Filed: 01/05/2023  Page: 4 of 18

4                        Opinion of the Court                    17-12653

*Tobin*, 676 F.3d 1264 (11th Cir. 2012); *United States v. Merrill*, 513 F.3d 1293 (11th Cir. 2008); *United States v. Williams*, 445 F.3d 1302 (11th Cir. 2006). We reaffirmed that the "usual course of professional practice" prong was evaluated using an objective standard, not a subjective one. *Ruan I*, 966 F.3d at 1167. Accordingly, good faith was irrelevant to the question of whether a doctor acted in the usual course of professional practice; though it was relevant to whether the doctor prescribed a controlled substance for a "legitimate medical purpose." *See id.* The defendants then petitioned for, and the Supreme Court granted, certiorari to consider whether good faith is a defense on the usual course of professional practice prong. *See Ruan v. United States*, 142 S. Ct. 457 (2021).

The Supreme Court reversed. It reasoned that § 841(a)'s scienter provision (requiring the defendant to act "knowingly or intentionally") applied not only to the statute's actus reus—here dispensing—but also to the "except as authorized" exception. *Ruan II*, 142 S. Ct. at 2378. Thus, to obtain a conviction under this section, the government must prove beyond a reasonable doubt that a defendant (1) knowingly or intentionally dispensed a controlled substance; and (2) knowingly or intentionally did so in an unauthorized manner. *Id.* at 2382. The Court held that an objective standard would inappropriately import a civil negligence standard into a criminal prosecution. *See id.* at 2381. Instead, what matters is the defendant's subjective mens rea. *Id.* at 2382.

Case 1:15-cr-00088-CG-B   Document 957   Filed 01/05/23   Page 5 of 19   PageID #: 34225
USCA11 Case: 17-12653   Document: 177-1   Date Filed: 01/05/2023   Page: 5 of 18

17-12653              Opinion of the Court              5

The Supreme Court expressly declined to apply its new standard to the facts in this case and remanded to this court to consider the issue in the first instance. *Id.*

## II.

We review de novo whether a challenged jury instruction "misstated the law or misled the jury to the prejudice of the objecting party." *United States v. Cochran*, 683 F.3d 1314, 1319 (11th Cir. 2012). Jury instructions need not be perfect, and we review the instructions in light of the "entire charge" and do not isolate individual statements in order to contrive error. *Id.*

Where the error is the omission of an element of the crime we will reverse unless it can be shown the error was harmless beyond a reasonable doubt. *Neder v. United States*, 527 U.S. 1, 15–16 (1999).

## III.

The district court in this case followed then-binding Eleventh Circuit precedent and denied the defendants' request for a good-faith instruction reflecting their subjective intent. Instead, the district court gave an alternative instruction on good faith:

> A controlled substance is prescribed by a physician in the usual course of a professional practice and, therefore, lawfully, if the substance is prescribed by him in good faith as part of his medical treatment of a patient in accordance with the standard of medical practice

generally recognized and accepted in the United States.

The government argues in its supplemental briefing that this instruction, read together with the whole charge, adequately instructed the jury that it had to find the defendants acted with knowledge or intent in order to convict them under § 841(a). We disagree for three reasons.

First, the passing reference to "good faith" excerpted above is inadequate. The Supreme Court recognized that § 841 "uses the familiar *mens rea* words 'knowingly or intentionally.' It nowhere uses words such as 'good faith' . . . ." *Ruan II*, 142 S. Ct. at 2381. The Supreme Court then explicitly rejected the government's proffered compromise instruction that objective good faith or "honest effort" should govern the usual course of professional practice prong. *Id.* Instead, it is the defendant's subjective intent that matters. The government argues that our cases have conceptually linked "good faith" and "knowledge" in the past, and that this instruction gave the "functional equivalent of a knowledge instruction." But, at best, even if the concepts are linked, good faith is an imprecise proxy for knowledge.

Without further qualification, the phrase "good faith" encompasses both subjective and objective good faith. In the context of § 841 though, as the Supreme Court has explicitly held, only the subjective version is appropriate. The instruction given by the district court did not contain any qualification to make this clear to the jury. And, of course, the instruction did not contain this

Case 1:15-cr-00088-CG-B   Document 957   Filed 01/05/23   Page 7 of 19   PageID #: 34227
USCA11 Case: 17-12653    Document: 177-1    Date Filed: 01/05/2023    Page: 7 of 18

17-12653               Opinion of the Court                7

qualification. The district court's instruction is substantially identical to one this court first approved in *Williams*. *See* 445 F.3d at 1309. Over the next fifteen years we reaffirmed this language repeatedly because it comported with our understanding that the "usual course of his professional practice must be evaluated based on an objective standard." *See, e.g.*, *Joseph*, 709 F.3d at 1097. At the same time, we consistently rejected attempts by defendants to change this language and introduce other formulations that had a subjective character. *Id.*; *Tobin*, 676 F.3d at 1283; *Merrill*, 513 F.3d at 1306. Based on all of this, we conclude this phrase on its own inadequately conveyed the required mens rea.

Second, even viewing this phrase in the context of the "entire charge," the remaining jury instructions did not help convey that a subjective analysis was required for the "except as authorized" exception. The district court enumerated the elements of a § 841(a) charge: (1) the defendant dispensed the controlled substance; (2) "the [d]efendant *did so* knowingly and intentionally;" and (3) the defendant did not have authorization. Grammatically, the "did so" phrase links the mens rea element to the preceding element describing the actus reus of dispensing the controlled substance, but not to the "except as authorized" exception.

Third and finally, the summary of the charge also did not help to convey the required mens rea. The district court essentially repeated the language from 21 C.F.R. § 1306.04(a) without linking it to any requirement that the jury find a lack of good faith or scienter for this exception.

Case 1:15-cr-00088-CG-B   Document 957   Filed 01/05/23   Page 8 of 19   PageID #: 34228
USCA11 Case: 17-12653   Document: 177-1   Date Filed: 01/05/2023   Page: 8 of 18

8                          Opinion of the Court                      17-12653

Therefore, we conclude that the district court's instruction for the substantive drug charges inadequately conveyed the required mens rea to authorize conviction under § 841(a).

## IV.

We turn now to whether the error in the jury instructions was harmless beyond a reasonable doubt. *Neder*, 527 U.S. at 15–16. The Supreme Court has held that while the omission of an element from the jury instruction is unconstitutional, "most constitutional errors can be harmless." *Id.* at 8 (quoting *Arizona v. Fulminante*, 499 U.S. 279, 306 (1991)).

In *McDonnell v. United States*, the Supreme Court held that the erroneous omission of limiting language for the definition of "official act" under the federal bribery statute was not harmless. 579 U.S. 550, 577–80 (2016). In that case, extensive evidence was presented both of acts that arguably fell within the overinclusive instruction, and of acts that would still qualify as "official acts" had the proper limiting instruction been given. *Id.* at 577. Under this circumstance, the Supreme Court held that the jury may have convicted the defendant "for conduct that [was] not unlawful," and therefore the error was not harmless beyond a reasonable doubt. *Id.* at 579–80.

Here, the district court did not adequately instruct the jury that the defendants must have "knowingly or intentionally" prescribed outside the usual course of their professional practices. At a minimum, as discussed above, without the limiting qualification

that only *subjective* good faith was sufficient for conviction, the jury was authorized to convict under the sort of objective good faith or honest effort standard rejected by the Supreme Court.

For Dr. Ruan, both sides presented expert evidence about the appropriate standard of care. In his defense, Dr. Ruan introduced witnesses who testified to his practices and procedures at the clinic to guard against abuse. He also testified in his own defense about how he always centered the patient's medical needs. Dr. Couch also introduced both expert witnesses who testified to the standard of care and lay witnesses who testified to his activities at the clinic. Like Dr. Ruan, Dr. Couch testified that he believed his actions to be in accord with the applicable standard of care.

The jury could have weighed all of this evidence and concluded that Dr. Ruan and Dr. Couch subjectively believed their conduct was in accord with the appropriate standard of care. But under the erroneous instruction that was given, the jury could convict the defendants if they found that a reasonable doctor would not have believed the conduct was in accord with the appropriate standard. In other words, a properly instructed jury may not have convicted the defendants had it known that Dr. Ruan's and Dr. Couch's subjective beliefs that they were acting properly was a defense to these charges. Similar to *McDonnell*, under the erroneous instruction in this case the jury was authorized to convict the defendants for conduct that was lawful. Thus, we cannot conclude that these errors were harmless. We therefore **vacate** the defendants' substantive drug convictions under § 841(a).

Case 1:15-cr-00088-CG-B   Document 957   Filed 01/05/23   Page 10 of 19   PageID #: 34230
USCA11 Case: 17-12653   Document: 177-1   Date Filed: 01/05/2023   Page: 10 of 18

10                     Opinion of the Court                  17-12653

### V.

Given that we have found error in the district court's instructions for the § 841(a) charges, all that remains is to decide which, if any, of the other charges must also be vacated.

#### 1.

We begin with the conspiracy to violate the Controlled Substances Act charges, violations of 21 U.S.C. § 846. To violate § 846 the government must prove: "(1) there was an agreement between two or more people to commit a crime (in this case, unlawfully dispensing controlled substances in violation of § 841(a)(1)); (2) the defendant knew about the agreement; and (3) the defendant voluntarily joined the agreement." *United States v. Azmat*, 805 F.3d 1018, 1035 (11th Cir. 2015).

Because a conviction under § 846 requires the jury to find that the defendants knew of the illegal nature of the scheme and agreed to participate in it, the erroneous jury instruction for the substantive charges has a limited impact here. Consider what a jury who voted to convict under § 846 would have to find. The jury would need to find that the defendant knew the illegal object of the conspiracy. For a defendant to know that the aim of their agreement was illegal in this context means that they would need to know both that (1) they were dispensing a controlled substance and (2) that they were doing so in an unauthorized manner. If the jury concluded that the defendant did not know either of these

things, then they could not conclude the defendant knew the illegal object of the conspiracy and could not vote to convict.

In this circumstance, the inadequate substantive jury instruction would have no effect on the jury's analysis for the conspiracy counts. The jury did not need an additional instruction clarifying between subjective and objective good faith for the "except as authorized" exception, because the conspiracy instructions already required them to find that the defendant acted with subjective knowledge.

Here, the jury instructions for the drug conspiracy charges tracked our precedent and conveyed the adequate mens rea. The jurors in this case were instructed to convict only if they found "two or more people in some way agreed to try and accomplish a shared unlawful plan to distribute or dispense . . . the alleged controlled substance or substances." Further, they were instructed to convict only if they found that the defendants "knew the unlawful purpose of the plan and willfully joined it." The instructions told the jury that a person acts with willfulness only when they act "voluntarily and purposefully . . . to do something the law forbids." Had the jury in this case concluded that Dr. Ruan or Dr. Couch believed their actions to be for a legitimate medical purpose they could not have found the defendants made an "unlawful plan" and "knew" its "unlawful purpose," nor could they have concluded they "willfully" joined that plan. The jury was properly instructed on these counts, and considering all the evidence, voted to convict. So the instructions for the drug conspiracy charges were not

erroneous, and any error in the substantive drug charges was harmless to these convictions.

2.

Next, the inadequate instruction does not affect the defendants' convictions for conspiracy to commit health care fraud in violation of 18 U.S.C. §§1347 and 1349. A health care fraud conspiracy is fundamentally about the submission of false medical claims to health care benefit programs. *United States v. Gonzalez*, 834 F.3d 1206, 1214 (11th Cir. 2016). Here, the government proceeded on four distinct factual theories, that the defendants conspired to: (1) falsely certify that some patients had cancer when they did not; (2) bill office visits with nurse practitioners as if Dr. Couch conducted them; (3) bill insurers for medically unnecessary drug tests; and (4) bill insurers for office visits that prescribed medically unnecessary drugs. *See Ruan I*, 966 F.3d at 1142–44 (summarizing charges and evaluating sufficiency of the evidence).

None of these theories is affected by the inadequate jury instruction for the substantive drug charges. The jury was properly instructed by the district court for the health care fraud conspiracy charges, and the defendants do not challenge the jury instructions for these charges. They argue nonetheless that *United States v. Ignasiak*, 667 F.3d 1217 (11th Cir. 2012), requires us to consider the substantive drug charges and the fraud counts "together" because in that case we stated such charges may be "inextricably intertwined." *Id.* at 1235. But the defendants overstate *Ignasiak*. In that case we considered the sufficiency of the evidence for substantive

Case 1:15-cr-00088-CG-B   Document 957   Filed 01/05/23   Page 13 of 19   PageID #: 34233
USCA11 Case: 17-12653   Document: 177-1   Date Filed: 01/05/2023   Page: 13 of 18

17-12653               Opinion of the Court                13

drug convictions under § 841 and convictions for health care fraud under 18 U.S.C. § 1347. *Id.* at 1219. The government's theory of the case for the drug charges turned on whether the prescriptions were legitimate, and submitting the illegitimate prescriptions was the fraud perpetrated on the health care benefit programs. *Id.* at 1227. Thus, in the context of a sufficiency of the evidence challenge, both sets of charges rose and fell together. Had the defendant in that case shown the evidence was insufficient for the jury to find the prescriptions were illegitimate, then both the substantive drug charges and the fraud counts would fall. This is all *Ignasiak* was saying; it was not announcing any broader principle about how the two types of charges relate to one another.

Here, whether or not the defendants had subjective knowledge that their prescriptions were outside the "usual course" is irrelevant to whether or not the defendants also (1) falsely certified that patients had cancer; (2) falsely billed for office visits when the doctor was not present; (3) falsely billed insurers for unnecessary medical tests; or (4) falsely billed insurers for office visits to prescribe unnecessary drugs. Thus, the inadequate jury instruction was harmless as to the health care fraud conspiracy convictions.

3.

Nor are the defendants' convictions under Count 17 for conspiring to violate the Anti-Kickback Statute, 18 U.S.C. § 371 and 42 U.S.C. § 1320a-7b, affected by the inadequate instruction. The defendants were convicted of willfully receiving compensation from the pharmaceutical company InSys in exchange for increased

prescriptions of InSys branded fentanyl. By doing so the jury found that the defendants willfully received compensation from the pharmaceutical company InSys in exchange for increased prescriptions of fentanyl. Like the health care fraud charges, the jury was properly instructed on this count. For the reasons previously stated for the health care fraud conspiracy charges, the inadequate instruction is equally irrelevant to the defendants' conviction under the Anti-Kickback Statute.

4.

The defendants were convicted of two counts of conspiracy to commit mail or wire fraud, in violation of 18 U.S.C. §§ 1341, 1343, and 1349. Three different theories were used to convict the defendants, none of which is affected by the inadequate instruction. Two theories overlapped with the health care fraud conspiracy charges: (1) falsely billing insurers for visits with a nurse practitioner at the higher rate for a visit with a doctor; and (2) falsely certifying that patients had cancer to justify prescribing expensive drugs. These theories are unaffected by the jury instructions for the same reasons stated previously. Unique to this count, the government's third theory alleged that the defendants selected more expensive drugs to stock in their workers' compensation dispensary and made decisions about which drug to prescribe based on the profit generated by the higher reimbursement for these drugs rather than medical need. Again, the jury was properly instructed on this count. The mens rea instructions for the § 841 conviction have nothing to do with these theories.

5.

The defendants were charged with one count of conspiring to violate the Racketeer Influenced and Corrupt Organizations Act (RICO). 18 U.S.C. § 1962(d). RICO requires the government to prove a "pattern of racketeering activity" which generally means the commission of two or more predicate offenses. 18 U.S.C. § 1962(a); *id.* § 1961(1), (5). In this case, the government identified 21 U.S.C. § 841 (substantive drug charges); 21 U.S.C. § 846 (conspiracy drug charges); 18 U.S.C. § 1341 (mail fraud); and 18 U.S.C. § 1343 (wire fraud) as the predicate offenses. To prove a RICO conspiracy, the government need only prove that the defendants agreed to participate in the enterprise and that there was an agreement to preform the predicate offenses. *United States v. Pepe*, 747 F.2d 632, 660 n.44 (11th Cir. 1984). There is no requirement that the predicate offenses even occur, just that the defendants agreed to commit them.

As an initial matter, we have already held that the inadequate instruction for the substantive drug charges did not affect the defendants' convictions for conspiracy to violate the Controlled Substances Act and conspiracy to commit mail or wire fraud. To the extent the jury relied on these charges, the inadequate instruction was harmless to the RICO conspiracy conviction. But even had the jury been relying entirely on the substantive drug charges as the predicates for the RICO conspiracy, the inadequate instruction is still harmless. Similar to the § 846 charges, in order to convict the defendants for RICO conspiracy, the jury was instructed it

Case 1:15-cr-00088-CG-B   Document 957   Filed 01/05/23   Page 16 of 19   PageID #: 34236
USCA11 Case: 17-12653   Document: 177-1   Date Filed: 01/05/2023   Page: 16 of 18

16                    Opinion of the Court                  17-12653

had to find "the Defendant[s] had the specific intent either to personally participate in committing . . . or else to participate in the enterprise's affairs, knowing that other members of the conspiracy would commit" the predicate offenses. Thus, if the jury relied entirely on the § 841 charges, they would still have made a finding that the defendants *intended* to violate § 841, which means that the defendants would have to have known their acts were unauthorized. For these reasons we hold the inadequate jury instruction for the substantive drug charges was harmless to the RICO conspiracy conviction.

6.

Finally, turning to Dr. Ruan's money laundering convictions, these were also unaffected by the inadequate instruction. He was convicted of two counts of substantive money laundering offenses in violation of 18 U.S.C. § 1957(a) and one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h).

Substantive money laundering under § 1957 criminalizes the knowing execution of "monetary transaction[s]" over $10,000 that use money "derived from specified unlawful activity." 18 U.S.C. § 1957(a). Here, the government alleged that the health care conspiracies (18 U.S.C. § 1347); the Anti-Kickback Statute conspiracies (18 U.S.C. § 371; 42 U.S.C. § 1320a-7b); and the drug conspiracies (21 U.S.C. § 846) were the specified unlawful activity. As we have previously said, these convictions were unaffected by the inadequate instruction for the substantive drug charges. Therefore, the

inadequate instruction was harmless to the substantive money laundering convictions under § 1957(a).

Conspiracy to commit money laundering criminalizes those who conspire to violate either of the two money laundering sections, 18 U.S.C. §§ 1956 and 1957. Because we hold that the instruction was harmless to the substantive money laundering convictions it cannot possibly affect the money laundering conspiracy conviction.

## VI.

For the reasons stated above we **VACATE** in part and **AFFIRM** in part the defendants' convictions. We **VACATE** both of the defendants' sentences on all counts consistent with our ordinary practice in multi-indictment cases. *See United States v. Fowler*, 749 F.3d 1010, 1017–18 (11th Cir. 2014) (collecting cases and noting "we have always . . . presumed that sentences on each count of a multi-count indictment are part of a package"). We remand to the district court for further proceedings consistent with the following instructions:

(1) We **VACATE** Dr. Ruan's convictions under 21 U.S.C. § 841 in Counts 8, 9, 11, and 12. We **REMAND** for new trial.

(2) We **VACATE** Dr. Couch's convictions under 21 U.S.C. § 841 in Counts 5, 6, 7, 13, and 14. We **REMAND** for new trial.

Case 1:15-cr-00088-CG-B   Document 957   Filed 01/05/23   Page 18 of 19   PageID #: 34238
USCA11 Case: 17-12653   Document: 177-1   Date Filed: 01/05/2023   Page: 18 of 18

18                    Opinion of the Court                    17-12653

(3) We **AFFIRM** the defendants' convictions on all remaining counts.

(4) We **VACATE** the defendants' sentence for all counts and **REMAND** for resentencing on the surviving counts.

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

January 05, 2023

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 17-12653-DD
Case Style: USA v. Xiulu Ruan
District Court Docket No: 1:15-cr-00088-CG-B-2

Enclosed is a copy of this court's decision filed today in this appeal on remand from the Supreme Court of the United States.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Bradly Wallace Holland, DD at 404-335-6130.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6151

OPIN-6 Issuance of Opinion Remand SC